**E-FILED**
Monday, 08 December, 2014 04:08:41 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-3297 |
| | ) | |
| VIRGINIA LYNNE SHELTON and DR. MATUSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

JOE BILLY MCDADE, U.S. District Judge:

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On May 28, 2013, Plaintiff filed a lawsuit against two security officers (Ryan Kerr and Travis Smith), alleging that the officers had intentionally prevented Plaintiff from receiving his kidney dialysis for five straight days. *Scott v. Smith*, 13-CV-3157 (C.D. Ill.). Judge Colin Bruce is presiding over that case, which is at the summary judgment stage.

Plaintiff alleges that the Defendants in this case have harassed Plaintiff in retaliation for Plaintiff's lawsuit against officers Kerr and

Smith and also in retaliation for unspecified grievances Plaintiff filed.

Defendant Lynne Shelton's alleged retaliation consists of the following: (1) stamping Plaintiff's incoming and outgoing mail with a stamp stating "sexually violent person"; (2) delivering Plaintiff's "legal" mail to him unsealed and leaving the mail where others may read it; and, (3) returning only the first page of a document stamped as filed, rather than the entire document filed.

The alleged retaliatory act by Defendant Dr. Matusen (a therapist), consists of refusing to give Plaintiff credit for completion of "tactics group therapy" because Plaintiff was at times unable to attend because of Plaintiff's scheduled dialysis. Plaintiff alleges that Dr. Matusen advised Plaintiff to skip the dialysis and attend the therapy sessions if Plaintiff wanted to complete the therapy group.

**ANALYSIS**

None of the alleged actions by Defendant Lynne Shelton violate Plaintiff's constitutional rights. A stamp on mail declaring that the mail is from or to a facility detaining sexually violent persons does not implicate a federal right. *See Carpenter v. Phillips*, 10-CV-3180 (C.D. Ill., Judge Baker, 7/30/10 order)(dismissing for failure to

state a claim an identical claim by a different Rushville resident), affirmed in *Carpenter v. Phillips*, 2011 WL 1740102 (7th Cir. 2011)(not published in Federal Reporter).

As for the allegations about opening legal mail, no plausible inference arises that Ms. Shelton is reading Plaintiff's confidential legal mail. The kind of legal mail protected by the Constitution in the detention setting is mail to or from the detained person's lawyer. A guard may open a letter from a prisoner's lawyer in the prisoner's presence to check for contraband but may not read the letter. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). In contrast, mail from the court is not confidential because court mail generally concerns matters of public record, which "prison officials have as much right to read as the prisoner." *Guarjardo-Palma*, 622 F.3d at 806. Therefore, Ms. Shelton's alleged practice of leaving mail from the court addressed to the plaintiff in an area where the mail may be read by others does not violate the Constitution.

The Court does not understand what Plaintiff means when he alleges that Ms. Shelton returns only the first "stamped as filed" page of a filed document. The Court is aware that Rushville residents scan their filings electronically to the Central District of

Illinois. Residents then keep their complete original filing. The clerk in the Central District e-mails a "notice of electronic filing" to the Rushville Treatment and Detention facility, confirming receipt of the resident's filing. The facility then prints out that notice of electronic filing along with the first page of the filing and delivers those two pages to the resident. If this is the process Plaintiff challenges, there is nothing unconstitutional about it.

As explained above, none of Ms. Shelton alleged acts independently violate the Constitution, but that does not end the analysis. Plaintiff alleges that Ms. Shelton's actions were taken in retaliation for his lawsuit and unspecified grievances. Actions which are constitutional can become unconstitutional if done in retaliation for the exercise of a constitutional right. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999). However, no plausible inference arises from the facts alleged that Ms. Shelton was motivated by retaliation for Plaintiff's lawsuit or grievances. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Further, Ms. Shelton's alleged actions are not adverse enough to state a claim for retaliation. The

alleged retaliation must be severe enough to "deter a person of ordinary firmness" from exercising his First Amendment rights, and Ms. Shelton's actions do not rise to that level. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009)("'It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise . . . .")(*quoting Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

As to Dr. Matusen, no plausible inference arises that Dr. Matusen's failure to accommodate Plaintiff's dialysis schedule was in retaliation for any of Plaintiff's grievances or lawsuits. Even at the notice pleading stage the allegations must raise the possibility of a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The plaintiff might be able to state some other kind of federal claim against Dr. Matusen arising from Dr. Matusen's alleged refusal to work around Plaintiff's dialysis schedule. Plaintiff is entitled to treatment for the mental disorder that is causing his detention. *See Youngberg v. Romeo*, 457 U.S. 307, 317-18 (1982). If the "tactics group therapy" is necessary for Plaintiff to progress

through treatment, and Dr. Matusen refuses to make the therapy available to Plaintiff because of Plaintiff's dialysis, a plausible claim may arise for deliberate indifference to Plaintiff's need for mental health treatment and/or for failure to provide reasonable accommodation under the Rehabilitation Act, 29 U.S.C. Section 794a, *et seq.*[1] The Rehabilitation Act applies to entities receiving federal funding, including prisons, and prohibits the denial of access to programs because of a participant's disability. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671-72 (7th Cir. 2012).

However, inferring these claims against Dr. Matusen is too far of a stretch under the scant facts alleged. Plaintiff does not provide any dates on which he actually had to miss the group therapy for dialysis, nor does he say how often this occurred, whether the completion of the tactics group therapy is necessary for his progression in treatment, how many times per week the tactics group meets, how many sessions Plaintiff must attend to achieve completion, and what other therapy groups, if any, are available to Plaintiff that might be substituted. In fact, Plaintiff alleges that the

[1] A claim under the Americans with Disabilities Act might also be stated, but the remedies are coextensive with the Rehabilitation Act, so generally the analysis proceeds under the Rehabilitation Act to "avoid thorny questions of sovereign immunity." *Jaros v. IDOC*, 684 F.3d 667, 671-72 (7th Cir. 2012).

first tactics group therapy session was scheduled for a Tuesday and that Plaintiff's dialysis is typically scheduled for Mondays, Wednesdays, and Fridays. Generally, then, there should be no conflict between the therapy and the dialysis, at least on the present allegations.

**IT IS ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a federal claim.

2. By January 5, 2015, Plaintiff may file an amended complaint in accordance with the above opinion. If Plaintiff does not file an amended complaint, then this case will be dismissed, without prejudice, and closed.

**3.** Plaintiff's motion to request counsel is denied with leave to renew (4). The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, this requires writing to several different law firms and attaching the responses to the motion for appointment of counsel. If Plaintiff renews his motion for counsel, he should set forth his educational level, work experience inside and outside the

facility, litigation experience, and classes he has taken inside the facility.

ENTERED: 12/8/14

FOR THE COURT:

**s/Joe Billy McDade**
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE